**CAROLINA ACTION, an unincorporated association, Plaintiff,**

v.

**T. E. PICKARD, Jr., et al., Defendants.**

**No. C–C–76–236.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Sept. 20, 1976.

James C. Fuller, Jr. and Louis L. Lesesne, Jr., Chambers, Stein, Ferguson & Becton, Charlotte, N. C., for plaintiff.

W. A. Watts, Deputy City Atty., Charlotte, N. C., for defendants.

### ORDER

McMILLAN, District Judge.

Plaintiff is an organization with political purposes (Defendants' Exhibit E) which include litigation and political action contesting changes in electric power rates, alleged short-comings of the State in financing participation in Federal benefits programs and other matters. Plaintiff is a state-wide organization and places heavy reliance upon its Charlotte activities.

Plaintiff applied to the defendants for a license to solicit contributions and memberships and support. The application was denied under Section 2–30 of the Code of the City of Charlotte, which requires the local Charlotte Solicitation Commission to deny a license if the cost of collection exceeds 25% of the total amount to be raised. The text of the ordinance, the text of the local law under which the ordinance exists, and the

text of the North Carolina General Statutes, 160A–178, are all appended as exhibits to this order.

Plaintiff offered evidence which would support a finding that the individual defendants, the Commissioners, actually based their decision upon a disapproval of the purposes of the plaintiff rather than upon a violation of the 25% rule. The defendants offered evidence in support of the view that the decision was based purely upon the technical requirement that the expenses of solicitation not exceed 25% of the total amount to be raised. The evidence will support a finding in favor of either the plaintiff or the defendants on this issue.

Plaintiff offered evidence that the contributions and other activities sought to be carried on in Charlotte are a substantial element of their operation; that if they are barred from solicitation in Charlotte they will be unable to operate in Charlotte; and that if the Charlotte operation fails, the state-wide operation may likewise fail. They have demonstrated that the actions of the defendants have caused and threaten to cause harm which is great, immediate and irreparable and which seriously threatens the existence of this organization and activities.

There is a threshold question whether the statute under which the local defendants proceed even contemplates any restriction on the kind of activities which the plaintiff seeks to conduct. If a constitutional interpretation is to be presumed, it would be easy to say that the statute does not authorize what the defendants are doing in this case. The defendants, by their actions and by way of contention stated in argument, say that the statute and the ordinance do apply; and it is therefore obvious that, as applied, the ordinance and statute are inhibiting the activities of plaintiff.

Beyond serious question, the ordinance as applied does restrict rights, protected by the First Amendment, to complain about the activities of bodies regulating the public utilities, of bodies charged with welfare programs and related Federal-State activities, and similar sensitive public issues, and also affects the capacity of poorly funded people to organize together for the purpose of raising these and similar questions.

The ordinance is overbroad; the 25% limitation, as this Court views it, is unrelated to and does not protect against fraud or violence on the part of solicitors; such protection, in fact, is not its stated purpose.

The ordinance is vague; and when a vague and overbroad ordinance is made the basis of an infringement on rights of speech and expression, it comes under the severest kind of constitutional scrutiny. It may be that the ordinance can be applied or even has been applied in this case without conscious intention to inhibit First Amendment rights. However, if so, it does not thereby lose its unconstitutional character; a restraint on protected freedoms in the form of a 25% expense requirement can be just as fatal as a restraint upon the overt theory that this kind of activity ought not to be allowed in Charlotte. Moreover, as the Supreme Court said in *Murdock v. Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1942), at page 111, 63 S.Ct. at 874:

> "It should be remembered that the pamphlets of Thomas Payne were not distributed free of charge".

I therefore conclude, without in any manner questioning the public spirit or motives of the Commissioners themselves, that as applied in this case the ordinance is unconstitutional and must not be used to inhibit the solicitation of money and support from the citizens of the City.

This decision and these findings are for the purpose only of preliminary injunctive relief pending the decision on the merits.

It is, therefore, ORDERED:

1. That, pending final decision on the merits, defendants are restrained from enforcing the 25% restriction of the ordinance against plaintiff;

2. That the parties advise by October 1 whether further evidence will be required prior to a final decision.

APPENDIX

EXHIBIT A

## DIVISION 2. CHARITY SOLICITATIONS COMMISSION *

Sec. 2–24. Definitions.

(a) The words "solicit" and "solicitation" shall mean the request directly or indirectly of money, credit, property, financial assistance or other thing of value on the plea or representation that such money, credit, property, financial assistance or other thing of value will be used for a charitable, patriotic, educational or philanthropic purpose, in any office or business building, by house to house canvass or in any other public or private place by telephone, personal interview, mail, or otherwise. The said words shall also mean and include the sale or offer to sell any article, tag, ticket, emblem, publication, advertisement, subscription or other thing, whether of value or not, on the plea or representation that such money, credit, property, financial assistance or other thing of value will be used for a charitable, patriotic, educational or philanthropic purpose.

(b) The word "promoter" shall mean any person who promotes, manages, supervises, organizes or attempts to promote, manage, supervise or organize a campaign of solicitation.

(c) The word "permit" shall mean a certificate signed by the city clerk issued to any person showing that he has complied with the provisions of this division.

(d) The word "commission" shall mean the charity solicitations commission hereinafter provided for. (Code 1946, Ch. 15, § 1)

Sec. 2–25. Created; appointment of members; terms of office; meetings, quorum and regulations.

There is hereby created for the administration of this division a charity solicitations commission, which shall be composed of three (3) members appointed by the mayor, all of whom shall be citizens of Charlotte, one of whom shall be designated by the mayor as chairman and another as vice chairman. The mayor shall appoint the members of this commission for terms of three (3) years each to succeed in regular order the members whose terms originally expired on May 31, 1942, May 31, 1943, and May 31, 1944. When a vacancy occurs the mayor shall appoint a citizen of the city to serve for the unexpired term of the member whose position has become vacant. The mayor shall not appoint any person who is the organizer or local head of any charitable, patriotic, educational or philanthropic agency. The commission shall determine its time and place of meeting and shall, except as herein otherwise provided, adopt such regulations as in its judgment will effectuate the purpose and intent of this division. A majority of the members shall constitute a quorum for the transaction of business. The members of the commission shall serve without compensation. No member of the commission shall serve more than two (2) full consecutive terms.

Any member who fails to attend at least seventy-five per cent (75%) of the regular and special meetings held by the commission during any one year period shall be automatically removed from said commission. Vacancies resulting from a member's failure to attend the required number of meetings shall be filled as provided herein. (Code 1946, Ch. 15, § 3; Ord. No. 590, § 1, 9–11–72; Ord. No. 124, § 1, 4–8–74)

Sec. 2–26. Exemptions from provisions, designated.

The following solicitations shall be exempt from the provisions of this division: Solicitations by an organization, society, association, league or corporation that is organized and operated exclusively for religious, educational, philanthropic, benevolent, fraternal, or charitable purposes and is not operated for the pecuniary profit of its members or shareholders where the solicitation is by members addressed to members

---

* Cross references—Churches, religious and fraternal organizations exempt from license tax, § 11–11; soliciting alms for charitable purposes, § 13–39.

and is without remuneration on the part of solicitors; also solicitations in the form of collections or contributions sought at the regular exercises or services of any organization, society, association, league or corporation. (Code 1946, Ch. 15, § 2)

### Sec. 2–27. Permits—Required.

No person shall solicit within the city without a permit that is in full force and effect, nor shall any person act within the city as promoter of the solicitation campaign of any person who does not have such a permit. (Code 1946, Ch. 15, § 4)

### Sec. 2–28. Same—Procedure to obtain.

Any person desiring to obtain a permit shall sign and swear to an application addressed to the commission, which shall be filed with the city clerk and shall contain the following information:

(a) Name of person or organization applying for a permit to solicit and the address of its headquarters.

(b) Names and addresses of its principal officers and all promoters connected or to be connected with the proposed solicitations.

(c) The purpose for which such solicitation is to be made and the use or disposition to be made of any receipts therefrom.

(d) The name of the person by whom the receipts of such solicitation shall be disbursed.

(e) The names and addresses of the person who will be in direct charge of conducting the solicitation.

(f) An outline of the method or methods to be used in conducting the solicitations.

(g) The time when such solicitations shall be made, giving the proposed dates for the beginning and ending of such solicitations.

(h) The amount of any wages, fees, commissions, expenses or emoluments to be expended or paid to anyone in connection with such solicitation, together with the manner in which such wages, fees, commissions, expenses or emoluments are to be expended, to whom paid and the amount thereof.

(i) A financial statement for the last preceding fiscal year of any funds collected for the purposes named in the application by the organization or persons seeking the permit; said statement to give the amount of money raised, together with the cost of raising it and the details of the distribution thereof.

(j) A full statement of the character and extent of the charitable, educational, or philanthropic work being done by the applicant within the city.

(k) A statement of the estimated cost of conducting the proposed campaign of solicitation.

(*l*) A statement to the effect that if a permit is granted, it will not be used or represented in any way as an endorsement by the commission, the city, the governing body of the city, or by any employee thereof.

(m) Such other information as may be required by the commission in order to enable it to determine the kind and character of the proposed solicitation. (Code 1946, Ch. 15, § 5)

### Sec. 2–29. Same—Filing false application.

It shall be a violation of this division for any person knowingly to file, or cause to be filed, an application containing one or more false statements. (Code 1946, Ch. 15, § 6)

### Sec. 2–30. Same—Investigation of applicants; issuance; procedure when permit refused; extensions.

When an application for a permit is filed, the commission shall make such investigation as it sees fit and if it finds that the proposed solicitation is to be for a bona fide charitable, patriotic, educational or philanthropic purpose, that the organization for which the solicitation is to be conducted is, and the disbursement of the funds raised by the solicitation will be, under the control and supervision of responsible and reliable persons, and that the cost of raising the funds and all expenses incident to the solicitation (including all fees and commissions

paid or to be paid to the promoter or promoters of the same) will not exceed twenty-five per cent (25%) of the total amount to be raised, then, and in that event, the commission shall authorize the city clerk to issue to the applicant a permit to solicit for the purpose named in the application, but, failing to so find, the commission shall reject the application.

If the commission rejects an application, written notice to that effect shall be given the applicant with an opportunity to appear before the commission and to present such evidence in support of his application as may be relevant.

If the commission authorizes the issuance of a permit it shall determine the period for which the permit shall run not to exceed ninety days from its date, provided that upon a further application the commission may, after such investigation as it sees fit, determine that it is in the public interest to extend the term of a permit, in which event an extension of the permit may be authorized up to but not exceeding ninety additional days.

The city clerk shall issue such permits and extensions as the commission shall authorize. (Code Supp.1954, Ch. 15, § 7)

Sec. 2–31. Same—Fees.

At the time when a permit is issued, there shall be paid to the city treasurer the sum of two dollars ($2.00) as a permit fee, and the sum of two cents ($0.02) for each facsimile copy of the permit that is desired up to and including one hundred (100) copies, and one cent ($0.01) for each copy desired in excess of one hundred (100). (Code 1946, Ch. 15, § 8)

Sec. 2–32. Same—Nontransferable; copies furnished.

Any permit approved and issued under this division shall be nontransferable, provided, however, that this shall not prevent any permittee from using any number of solicitors and representatives as shall be reported to the city clerk and, provided further, that the permittee shall furnish to each of its agents, employees or representatives making any solicitations a facsimile copy of the permit which shall be carried by all such agents, employees or representatives making solicitations at the time or times when solicitations are being made. (Code 1946, Ch. 15, § 9)

Sec. 2–33. Same—Revocation; procedure.

If, upon the receipt of written information or upon its own investigation, the commission shall find that any officer, agent or representative of a permittee is misrepresenting facts or making untrue statements, or has misrepresented facts or made untrue statements, with regard to solicitations or the purposes thereof, or has made any untrue statements in the application, or that in any other way the solicitation has been conducted, or is being conducted, in violation of any part of this division and not in conformity with the intent and purpose of this division, then the commission shall notify the city clerk, who shall immediately revoke and cancel such permit; provided, however, that before any permit is revoked, the city clerk shall mail to the permit holder a notice that a hearing is to be had before the commission, and such notice shall be mailed at least twenty-four (24) hours before the hearing, and at said hearing the commission shall ascertain the facts, and if any reason or reasons above set forth for revoking the permit are found to exist, the permit shall be revoked. (Code 1946, Ch. 15, § 11)

Sec. 2–34. Representation of endorsement by city prohibited.

It shall be unlawful for any permittee or for any agent, employee or representative thereof to advertise, represent or hold out in any manner that said permit is an endorsement of the holder thereof by the governing body of the city or any employee thereof, or by the city; provided that it shall be lawful for a permittee to use, advertise or hold out the fact of its permit in the following words and no others: "Charities Solicitations Permit No. —," including in the blank space the serial number of the permit. (Code 1946, Ch. 15, § 10)

A BILL TO BE ENTITLED AN ACT TO GRANT ADDITIONAL AUTHORITY TO THE CITY OF CHARLOTTE TO REGULATE PUBLIC SOLICITATIONS FOR CHARITABLE AND SIMILAR CAUSES. Ratified June 13, 1963, Chapter 903, 1963 Session Laws.

The General Assembly of North Carolina do enact:

*Section 1.* The governing body of the City of Charlotte is hereby authorized to regulate, by ordinance, any and all public solicitations within the City for any charitable, benevolent, health, educational, religious, patriotic or other similar cause; provided, that such ordinance shall not apply to any solicitation made by any church or religious organization, school or college, fraternal or patriotic organization, or civic club when such solicitation is confined to their respective memberships. Such ordinance may provide for a separate board, body or commission to administer the ordinance in accordance with the rules and standards prescribed therein; may provide for regulation of the time, place and manner of soliciting; may require registration and permits and impose such fees therefor as may defray the reasonable costs thereof; may require and cause to be published such information as will tend to insure that the purpose of any solicitation will be free from any element of deceit or fraud; and may include such other requirements as may reasonably protect the public from fraudulent solicitations.

*Sec. 2.* The authority granted herein is in addition to any and all other authority now granted by law and is intended specifically to supplement and not to repeal, amend or affect the authority granted to the State Board of Public Welfare by Article 5, Chapter 108 of the General Statutes of North Carolina; provided, that any license granted by said Board shall not exempt the licensee from the provisions of any ordinance adopted pursuant to this Act.

*Sec. 3.* Except as provided in Section 2 above, all laws and clauses of laws in conflict with this Act are hereby repealed to the extent of such conflict.

*Sec. 4.* This Act shall become effective upon its ratification.

## EXHIBIT "B"

§ 160A–178. Regulation of solicitation campaigns and itinerant merchants.—A city may by ordinance regulate, restrict or prohibit the solicitation of contributions from the public for any charitable or eleemosynary purpose, and also the business activities of itinerant merchants, salesmen, promoters, drummers, peddlers, or hawkers. These ordinances may include, but shall not be limited to, requirements that an application be made and a permit issued, that an investigation be made, that activities be reasonably limited as to time and place, that proper credentials and proof of financial stability be submitted, that not more than a stated percentage of contributions to solicitation campaigns be retained for administrative expenses, and that an adequate bond be posted to protect the public from fraud. (1963, c. 789; 1971, c. 698, s. 1.)

